*Augustus Spies L. & C. Co.* 147 Wis. 559, 571, 132 N. W. 1118.

We therefore hold, first, that the contract of subscription sued upon is executory; and second, that it is void and unenforceable. The order of the lower court sustaining the demurrer to the complaint must therefore be affirmed.

*By the Court.*—Order affirmed.

———————

ROIESLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 20—October 14, 1924.*

*Intoxicating liquors: Destruction of fluids on premises being searched.*

The evidence in this case is *held* sufficient to sustain a conviction for secreting or destroying fluids on premises being searched under a warrant. p. 636.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

Plaintiff in error was behind the bar on premises licensed for the sale of soft drinks. Three officers in uniform, one with a search warrant, entered. Before the warrant was produced or read the defendant proceeded to dispose of the contents of a glass he was then holding, which glass was immediately seized. The liquid remaining in the glass contained alcohol. He was found guilty of a violation of the prohibition law, making it unlawful to secrete or destroy fluids on premises being searched, and from the judgment he sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *A. W. Richter* of Milwaukee, and for the defendant in error on that of the *Attorney General, Eugene Wengert,*

district attorney of Milwaukee county, and *John P. Donnelly*, assistant district attorney.

ESCHWEILER, J.    There is sufficient evidence in the record to support the result reached.

*By the Court.*—Judgment affirmed.

---

WILSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 20—October 14, 1924.*

*Criminal law: Venue: Rape: Instructions: Singling out testimony of one witness: New trial: Newly-discovered evidence: Diligence: Discretion of court: Evidence: Conversations, portions of which have been offered.*

1. In a prosecution for rape, instructions which told the jury that they had a right to consider defendant's great interest in the result of the trial and the temptation to color or distort the facts, and also to consider complainant's interest though different, and the interest of other witnesses affecting the credibility and weight of their testimony, did not improperly single out defendant's testimony nor direct the application to it of tests different from those applied to other testimony. p. 645.

2. .An instruction which, in distinguishing between rape and fornication, stated that "rape is a brutal crime, standing next in the category to murder," is not erroneous, as it is a mere statement of a plain truth.   p. 645.

3. Under the circumstances of this case, the denial of a new trial on the ground of newly-discovered evidence because of lack of diligence to procure such evidence in advance of trial is considered within the discretion of the trial court.   p. 646.

4. The affidavit of one juror and the written statements of seven others that it was their belief that defendant's case had not been fully and properly presented, do not constitute grounds for granting a new trial.   p. 646.

5. When one party gives in evidence a portion of a conversation material to the controversy, the other may give the whole thereof or at least so much as has any relation to the portion already offered.   p. 647.